UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| JASON ANTHONY KING, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:09-cv-5 |
| | ) | Mattice/Lee |
| LINCOLN COUNTY JAIL, | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff Jason Anthony King ("King") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 [Court Doc. No. 3]. On February 25, 2009, an order was issued which was returned to the Court as undeliverable. King was forewarned that failure to notify the Court of any address change within ten days following the change would result in the dismissal of this action [Court Doc. No. 3, p. 5].

A copy of an order was mailed to King at the Lincoln County Jail which was returned as undeliverable. The Clerk subsequently mailed that order, along with another Order, to his home address—the address provided by him in his complaint—on February 25, 2009. The documents were returned to the District Court Clerk as undeliverable on March 3, 2009.

King has not notified the Court of a current address; thus, he will be unable to timely respond to the Court's Order. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. The Court's inability to communicate with plaintiff and the Court's interest in managing the docket weigh in favor

1

of dismissal, as the Court cannot hold this case in abeyance indefinitely based on King's failure to notify the Court of his current address.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with King due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for King's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

                                                    */s/Harry S. Mattice, Jr.*
                                                    HARRY S. MATTICE, JR.
                                                    UNITED STATES DISTRICT JUDGE